UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF GEORGIA

SAVANNAH DIVISION

| | |
|---|---|
| DANIEL W. MASSEY, as Clerk of Superior Court of Chatham County, Georgia; GABRIELLE SUMME, as Clerk of Kenton County, Kentucky; DALE A. BUTTS, as Register of Deeds of Beaufort County, South Carolina; and BILL KINSAUL, as Clerk of Bay County, Florida; individually and on behalf of all others similarly situated,<br><br>    Plaintiffs,<br><br>v.<br><br>FEDERAL NATIONAL MORTGAGE ASSOCIATION a/k/a FANNIE MAE<br><br>    Defendants. | Case No. CV412-102 |

### O R D E R

Plaintiffs challenge defendant Fannie Mae's claim that it is exempt from paying real estate transfer taxes when recording deeds and other instruments in their county recording systems. (Doc. 8 (amended complaint).) They raise three claims: (1) unjust enrichment, (2) quantum meruit, and (3) declaratory relief. (*Id.*) They have sought class

certification (doc. 10), which defendant opposes (doc. 23). Defendant moves to dismiss the case, claiming that plaintiffs, *inter alia*, lack the authority to bring the suit. (Doc. 21.) While those matters remain before the district judge, several ancillary matters have been referred to the undersigned. Plaintiffs seek to file a second amended complaint adding the Federal Home Loan Mortgage Corporation, a/k/a Freddie Mac as a defendant. (Doc. 43.) They also seek to exceed the S.D. Ga. L.R. 36 limit on requests for admissions by including requests covering all 22 states in which the action is concerned. (Doc. 33.)

Defendant does not oppose the motion to amend (doc. 48), but it does challenge plaintiffs' discovery request. (Doc. 41.) It also moves to stay discovery pending the outcome of its motion to dismiss. (Doc. 45.) Plaintiffs, of course, oppose the motion to stay. (Doc. 49.) Further complicating matters, this case is scheduled for a hearing before a multidistrict litigation panel to determine whether it should be transferred to the United States District Court for the Eastern District of Michigan. *In re Real Estate Transfer Tax Litigation*, MDL No. 2394 (J.P.M.L. Aug. 8, 2012).

Since the motion to amend (doc. 48) is unopposed, the Court **GRANTS** it. Fannie Mae represents that Freddie Mac will adopt its arguments in the pending motion to dismiss, so the motion will not be mooted by the amendment. (Doc. 48.) The major question remaining, then, is whether a stay of discovery is appropriate. Fannie Mae contends that a stay would limit unnecessary expenses since the Court may agree that plaintiffs lack the authority to enforce the tax laws of their own states, much less those of other states. (Doc. 45 at 8.) And even if the case is not disposed of in its entirety, defendant asserts that plaintiffs' claims for unjust enrichment and quantum meruit "are not available to Plaintiffs because Fannie Mae has not been unjustly enriched as a matter of law." (*Id.* at 9.) Moreover, if the Court denies plaintiffs' class certification motion, discovery would be limited to plaintiffs' jurisdictions rather than to all 22 states encompassed within their proposed class. (*Id.*) Plaintiffs respond that even if their claims are dismissed, they will seek to amend their complaint to plead the specific statute in each state that would mirror the common law claims currently pled, so any discovery will not be wasted. (Doc. 49 at 3.)

As one court explained, motions to stay discovery are generally disfavored:

> While motions to stay discovery may be granted pursuant to Rule 26(c), Fed. R. Civ. P., the moving party bears the burden of showing good cause and reasonableness. *Feldman v. Flood*, 176 F.R.D. 651, 652 (M.D. Fla. 1997) citing *Howard v. Galesi*, 107 F.R.D. 348, 350 (S.D.N.Y. 1985). A request to stay discovery pending a resolution of a motion is rarely appropriate unless resolution of the motion will dispose of the entire case. *Id.* In this regard, the Court must take a "preliminary peek" at the merits of a dispositive motion to see if it "appears to be clearly meritorious and truly case dispositive." *Feldman, supra*, 176 F.R.D. at 652-53.

*McCabe v. Foley*, 233 F.R.D. 683, 685 (M.D. Fla. 2006); *Arriaga-Zacarias v. Lewis Taylor Farms, Inc.*, 2008 WL 4544470 at * 2 (M.D. Ga. Oct. 10, 2008) ("it may be helpful for the court to take a 'preliminary peek' at the merits of the dispositive motion to assess the likelihood that such motion will be granted").

Upon preliminarily review of the pending dismissal motion, the Court finds that it packs considerable heft and may dispose of this case in its entirety, obviating the need for further discovery. And even if it does not end the case, the Court is satisfied that the scope of discovery will be substantially limited. If plaintiffs are permitted to re-plead, it would appear that the case would necessarily be limited to the specific jurisdictions at play, since the taxation framework in every state is likely

to be a bit different and will require a unique analysis. Applying the principles found in *Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1367 (11th Cir. 1997), and *Moore v. Potter*, 141 F. App'x 803, 808 (11th Cir. 2005) (no error in the district court's imposition of a stay pending the resolution of a motion to dismiss based on facial challenges to the complaint), the Court concludes that the Rule 26(a) and ongoing discovery obligations should be stayed pending the resolution of the above-noted dispositive motion. Since the motion to stay is **GRANTED**, the Court **DENIES** without prejudice plaintiffs motion for leave to exceed the limit on requests for admission. (Doc. 33.)

Should the district judge deny the dispositive motions, then within 14 days of such ruling the parties shall exchange Rule 26(a) disclosures and submit a proposed Scheduling Order.

**SO ORDERED** this __24th__ day of August, 2012.

_/s/ G.R. Smith_
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA